

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CASSANDRA JONES, ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on defendant's motion for reconsideration of the Court's order detaining defendant pending sentencing. The government has responded in support of defendant's motion. For the following reasons, the motion is granted.

On October 26, 2015, a three-count criminal information was filed charging defendant, Cassandra Jones, with one count of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), one count of providing and attempting to provide a prohibit object in violation of 18 U.S.C. §§ 1791(a)(1) and 1971(b)(4), and one count of providing and attempting to provide a prohibited object in violation of 18 U.S.C. §§ 1791(a)(1) and 1791(b)(5). On December 9, 2015, Ms. Jones pled guilty pursuant to a plea agreement to all three counts of the criminal information, and the Court ordered her detained pending sentencing. Defense counsel filed the instant motion to reconsider on December 16, 2015, arguing that defendant does not pose a risk of non-appearance or danger to the community. The government does not oppose defendant's release pending sentencing.

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, states that a defendant may be released pending sentencing if the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community...." 18 U.S.C. § 3143(a). The Court notes that there is no evidence that Ms. Jones presents a risk to any other

person or the community at large. She has no criminal record save traffic offenses and no history of violence. The factual basis for the guilty plea at the December 9 hearing indicated that Ms. Jones's offense conduct was prompted by her relationship with a federal detainee and was not an ongoing pattern of behavior. Additionally, defendant signed her plea agreement on September 10, 2014. Though she had the opportunity to flee before entering her guilty plea, she did not do so. Moreover, defendant has a stable job and a three-year-old child, both of which militate against any risk of flight.

The Court further recognizes that contrary to its earlier belief that most defendants charged with similar crimes are detained pending sentencing, other defendants charged with providing contraband to inmates have been released pending sentencing. *See, e.g., United States v. Gregory Dustin Gouldman*, 5:15-CR-232-1D and *United States v. Jason Dean*, 5:15-CR-232-2D. In sum, the Court finds that, in order to reasonably assure Ms. Jones's appearance and the safety of the community, she may be released pending sentencing pursuant to the conditions set out in the attached order, which include home confinement.

## CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration [DE 13] is GRANTED and defendant is ordered released pending sentencing pursuant to the conditions above.

SO ORDERED, this 23 day of December, 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE